UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENAR HENNING FRIBERG, JR.,

                Plaintiff,

-against-

JAMES BRANTLEY,

                Defendant.

19-CV-8283 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that an employee of the U.S. Department of Veterans Affairs violated his rights. By order dated September 9, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

    The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

**BACKGROUND**

The following allegations are from Plaintiff Enar Friberg, Jr.'s complaint. Plaintiff resides in a Veterans Affairs (VA) facility in Westchester County, New York. On August 30, 2019, Plaintiff drove from his residence at Building 52 of the Franklin Delano Roosevelt VA Medical Center campus to his dental appointment but realized that he forgot his daily schedule and returned home to get it. Even though Plaintiff never passed through the entry gate or left the campus, Nurse James Brantley saw Plaintiff driving and falsely reported that Plaintiff had passed through the checkpoint to exit the campus. As a result of this false report, Plaintiff "was cited for leaving the campus without authorization." He had previously received a "5 hour off campus pass for Labor Day" to use on September 2, 2019, but it "[was] revoked." (Compl. at 6.) Plaintiff seeks damages for this injury.

Plaintiff brings this action against Nurse Brantley, invoking the Court's federal question jurisdiction and seeking $5000 in damages.

## DISCUSSION

The Court construes Plaintiff's claim as arising under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1).

Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)). A claimant may thereafter challenge the agency's final denial in federal district court by filing an action within six months of the date of the mailing of the notice of final denial by the agency. *See* § 2401(b). If the appropriate federal entity does not make a written final determination within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring a FTCA action in a federal district court. *See* § 2675(a).

Administrative exhaustion, is "jurisdictional, [and] cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). By contrast, "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).[1]

---

[1] Section 2675(a) "prohibits the filing of a civil action unless administrative remedies have been exhausted, thereby tying the exhaustion requirement 'by explicit statutory language to

If the plaintiff fails to first present his claim to the appropriate agency and exhaust administrative remedies, then the plaintiff's tort claims must be dismissed for lack of subject matter jurisdiction. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [exhaustion] results in dismissal of the suit."). Here, there is no indication that Plaintiff ever presented the tort claims at issue in this action to any federal agency. Moreover, given that Plaintiff's injury was on Monday, September 2, 2019, and he filed this action two days later on Wednesday, September 4, 2019, it is apparent that he could not have fully exhausted his administrative remedies before filing suit.

Accordingly, because Plaintiff has not yet exhausted his administrative remedies by presenting his claims to the United States Department of Veterans Affairs, Plaintiff's claims under the FTCA must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

jurisdiction.'" *Rosario v. Brennan*, 197 F. Supp. 3d 406, 412 (D. Conn. 2016) (rejecting argument that after *Wong*, the FTCA's exhaustion requirement is not jurisdictional).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 11, 2019
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge